THOMAS V. McMANUS, Appellant, *v.* CHARLES VAN DUZER, Respondent.

Third Department, November 10, 1920.

**Motor vehicles — negligence — head-on collision — newly-discovered evidence — new trial granted.**

Action to recover damages for injuries caused by a head-on collision between automobiles which were being driven by the plaintiff and defendant respectively. The plaintiff moves for a new trial upon the ground of newly-discovered evidence which relates to the position and condition of the cars immediately after the accident, which evidence was unknown to the plaintiff at the time of the trial. Newly-discovered evidence examined, and *held,* that a new trial should be granted upon payment of costs and disbursements by the plaintiff.

APPEAL by the plaintiff, Thomas V. McManus, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Broome on the 17th day of June, 1919, upon the verdict of a jury of no cause of action, also from an order entered in said clerk's office on the 28th day of June, 1919, denying plaintiff's motion for a new trial made upon the minutes, and also from an

order entered in said clerk's office on the 23d day of January, 1920, denying plaintiff's motion for a new trial upon the ground of newly-discovered evidence.

*McManus & Buckley* [*Peter J. McManus* of counsel], for the appellant.

*Frederick E. Hawkes*, for the respondent.

KILEY, J.:

The complaint and evidence in this action show that on the 1st day of November, 1918, at about eight-forty-five P. M., the plaintiff was driving his automobile in a northerly direction on Front street in the city of Binghamton, N. Y.; that the defendant was driving his automobile in a southerly direction on said street; that said parties approached each other coming from opposite directions; that the autos collided. Each claims he was on his own proper side of the street. The plaintiff contends that it was a head-on collision, or partially so, in that the left head end of each car came together. The defendant contends that it was the left sides of the autos that came together. It appears from the evidence that, from the force of the contact, the defendant's car went around plaintiff's car, cut off a telephone pole and went over the bank into a ditch or ravine as it is called in the evidence. Defendant claims plaintiff was in or near the middle of the road. This question was sharply litigated upon the trial which followed after plaintiff brought his action. Plaintiff and his witnesses testified that his car was shoved over on the left side of the street after the accident so as to get it out of the way. Defendant swore no damage was done to his car by contact from about the middle of the car to the front, while plaintiff contends it was a head-on collision and defendant's car was damaged in front and that evidence of such damage was present. Judgment was for the defendant. Plaintiff made a motion for a new trial on the grounds set out in section 999 of the Code of Civil Procedure, which was denied. The trial judge says in his opinion, denying the motion subsequently made for a new trial on newly-discovered evidence, that his ' impressions on the trial were that the plaintiff was entitled, to recover." As to whether this was a head-on collision or

left side swipe of these cars is very material in getting at the truth of the matter. As to whether the left front fender and end of defendant's car showed evidences of powerful contact is equally important for the same purpose, and as to whether plaintiff's car was moved from the right to the left side of the street after the accident, is evidence, if resolved in plaintiff's favor, or tending to show such would or might be the solution, is very material. Miss Sheridan took a photograph of defendant's car the morning after the accident; she did not tell the plaintiff nor his attorney; as a matter of fact she had not developed the film. After hearing the evidence on the trial — she was in the car at the time of the accident — that the front end of the car showed no evidence of collision, she told that she had taken the picture; it was subsequently developed and presented on the motion and on this appeal. The photograph does show that the front left fender, at some time, was subjected to some outside force. The proposed witness, Leo J. Buckley, developed the film. Daniel J. Murphy, in his affidavit, says that he was at the scene of the accident shortly after it occurred; he did not disclose his identity; that he examined the cars, saw the damaged front end of defendant's car; that after the trial and after he heard that defendant's evidence was to the effect that the front end of his car was not damaged in the collision, that the contact was from the side, he then came forward and told what he had discovered on the night of the accident. George H. Dann swears in his affidavit that he lived near the scene of the accident, heard the crash and went there immediately. The evidence shows that the left front wheel of plaintiff's car was broken off in the collision and let the axle down upon the pavement, and Dann swears that when the car was moved, as contended by plaintiff, this broken axle marked or scraped a line on the pavement which he followed from where the collision occurred to where the car was moved and the auto stood at the end of the marked or scratched line. It clearly appears that plaintiff did not know of these witnesses and could not by any effort, reasonable or otherwise, ascertain that they had this knowledge. That competent evidence of the facts stated is material, very persuasive and probably effectual toward sustaining plaintiff's

Third Department, November, 1920.　　　[Vol. 193.

contention cannot be seriously doubted. For the orderly administration of justice, every litigant, unless he, himself, by acts of commission or omission, prevents it, should have his full day in court.

. I favor a reversal of the order and that a new trial be granted, with costs.

All concur.

Order denying motion for new trial on the ground of newly-discovered evidence reversed, and motion granted, upon payment by the plaintiff of the trial fee and disbursements taxed in the judgment. A new trial having been ordered, it is unnecessary to pass upon the appeal from the judgment. It is, therefore, dismissed, without costs.